IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SAMUEL STARKEY,<br><br>    Defendant. | 8:17CR242<br><br><br>ORDER |

  On March 23, 2018, defendant Samuel Starkey ("Starkey") pled guilty pursuant to a written plea agreement (Filing No. 67) to (1) conspiring to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846, and (2) knowingly using and carrying a firearm during and in relation to a drug-trafficking crime and knowingly possessing a firearm in furtherance of that crime, in violation of 18 U.S.C. § 924(c)(1)(A). The Court sentenced him to consecutive prison terms of fifteen months on the drug charge and sixty months on the firearm charge, to be followed by concurrent terms of three years of supervised release. As instructed, Starkey self-surrendered on September 12, 2018, (Filing No. 103) to begin serving his sentence. He is currently incarcerated at FPC Yankton.

  Now pending before the Court is Starkey's motion for compassionate release (Filing No. 113) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on the COVID-19 pandemic. As amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), that statute permits Starkey to move for a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier."

  Starkey sought relief from the warden in April 2020; his request was denied. Convinced the BOP's "measures for keeping inmates safe from transmission have not been

successful" and afraid he will become "one of the thousands of inmates infected," Starkey asks the Court to "reduce [his] sentence to time served or modify his judgment to allow" him to serve the rest of his sentence in home confinement. To qualify for relief, Starkey must show "extraordinary and compelling reasons warrant" reducing his sentence. *Id.*

Thirty days have passed since Starkey asked the warden for relief, so he clears § 3582(c)(1)(A)'s procedural barrier to judicial review. *See, e.g.*, *United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *1-2 (D. Neb. May 26, 2020) (rejecting the government's argument that an inmate must administratively appeal a denial of relief from the warden before seeking judicial review); *United States v. Gilmore*, 8:16CR62 (D. Neb. June 1, 2020). But Starkey's request falls short on the merits because he fails to establish extraordinary and compelling reasons to release him under the circumstances of this case.

In deciding whether to grant a reduction, the Court must consider the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id.*

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure any relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The first application note to § 1B1.13,[1] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's

---

[1] This policy statement predates the First Step Act and does not govern the Court's review of a defendant's request for compassionate release, but the Court nonetheless finds it helpful in deciding whether to grant relief. *See Jenkins*, 2020 WL 2814437, at *3.

advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3; *see also United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020).

Having carefully reviewed the record in this case with these factors in mind, the Court finds Starkey's situation does not warrant relief. As Starkey acknowledges, to date, FPC Yankton fortunately has no confirmed positive cases of COVID-19, and the BOP is making a concerted effort to reduce the risk to inmates. Although Starkey effectively highlights some barriers to those efforts and raises some specific medical concerns that he believes may place him at greater risk should he be infected, the Court is not persuaded at this point the risks presented by COVID-19 warrant reducing Starkey's sentence to time served or home confinement.

Because the Court finds that the balance of the relevant § 3553(a) factors and surrounding circumstances weigh against release, Starkey's motion (Filing No. 113) is denied.

IT IS SO ORDERED.

Dated this 9th day of July 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge