IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    v.<br><br>SAMUEL STARKEY,<br><br>                  Defendant. | **8:17CR242**<br><br>**ORDER** |

      This matter is before the Court on defendant Samuel Starkey's ("Starkey") second Motion for Compassionate Release (Filing No. 124). *See* 18 U.S.C. § 3582(c)(1)(A) (permitting a defendant to file a motion for a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier"). Starkey also asks the Court to "appoint Jennifer L. Gilg of the Federal Public Defender's Office to represent him in this matter." Both requests are denied.

      As Starkey points out, he submitted a request for a sentence reduction to the warden of FPC Yankton on April 24, 2020. When the warden denied his request six days later, Starkey sought relief (Filing No. 113) from this Court. After thoroughly reviewing Starkey's request, the Court found on July 9, 2020, that Starkey made some salient points but ultimately failed to establish "the risks presented by COVID-19 warrant[ed] reducing" his sentence. *United States v. Starkey*, No. 8:17CR242, 2020 WL 3868842, at *2 (D. Neb. July 9, 2020).

      In his present motion, Starkey relies on the same medical conditions the Court previously considered but says a sentence reduction is now justified "[b]ecause the situation at FPC Yankton has changed." Starkey reports the active cases of COVID-19 at FPC Yankton have risen from zero to fifteen since the Court denied his request in July.

Starkey acknowledges he last submitted his request for compassionate release to FPC Yankton's warden in April of 2020 but urges the Court to find that his original request satisfies § 3582(c)(1)(A)'s "exhaustion" requirement for his second motion. Starkey maintains not "every new fact must first be routed through the BOP's administrative process." According to Starkey, "[i]t is not necessary for [him] to restart the administrative remedy process because district courts should consider updated information and evolving medical conditions that were not present at the time of an administrative request for compassionate release."

Although the Court agrees with Starkey that not every change in circumstances necessarily requires plenary review by the BOP, that does not mean further administrative review is never prudent or necessary.[1] Whether an amended or subsequent motion to reduce requires further administrative review will depend on the facts and circumstances of each particular case. The decision will often turn on a wide range of factors, including the amount of time that has passed and the degree to which the circumstances have changed.

Here, Starkey asserts significant changes in the circumstances of his incarceration, such as higher positivity rates in FPC Yankton, "an astonishing rise in cases [in South Dakota] since the end of August," and changes to prison policies that put him at greater risk, warrant reversing the Court's denial of relief just a few months ago. But that cuts both ways. The more drastic the change in circumstances, the stronger the reason to allow the BOP to consider those changes first and fully review the defendant's renewed request

---

[1]As with many things of late, the COVID-19 pandemic certainly complicates matters, but it does not fundamentally alter the Court's analysis of a motion under § 3582(c)(1)(A). Starkey is correct that § 3582(c)(1)(A) does not prevent "successive compassionate release motions." Yet, to the extent Starkey's reference to "refil[ing] compassionate release motions" to enable the Court to consider "updated information and evolving medical conditions" is meant to suggest some sort of serial or periodic judicial review upon a defendant's renewed request for sentencing relief without further administrative review, the Court does not read § 3582(c)(1)(A) that broadly.

for a sentence reduction, particularly when so much time has passed since the warden originally denied relief.

Additional administrative review need not cause long delays. The warden at FPC Yankton decided Starkey's original request in less than a week. And this Court's interpretation of § 3582(c)(1)(A) generally permits a defendant to seek judicial review just thirty days after asking the warden to request such relief on his behalf. *See Starkey*, 2020 WL 3868842, at *1 ("Thirty days have passed since Starkey asked the warden for relief, so he clears § 3582(c)(1)(A)'s procedural barrier to judicial review.").

The Court has again carefully reviewed the totality of the circumstances in this case and sees value in having the warden at FPC Yankton first consider Starkey's renewed request for a sentence reduction under § 3582(c)(1)(A). *See United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (noting "the risks that COVID-19 poses in the federal prison system," but finding administrative review necessary given the "BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). Accordingly, Starkey's second Motion for Compassionate Release (Filing No. 124) and request for appointed counsel are denied without prejudice.

IT IS SO ORDERED.

Dated this 8th day of January 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge